RUFUS A. VIELE, Plaintiff, v. GLENN SNYDER and Another, Defendants.

County Court, Niagara County, April 26, 1927.

Motor vehicles — collision — plaintiff was guilty of contributory negligence, as matter of law, in not looking on approaching intersection — new trial granted.

In this action for negligence, a verdict for the plaintiff must be set aside and a new trial granted, where plaintiff testified that, upon reaching the street intersection, he reduced his speed but saw nothing of defendant's automobile until the collision, since, as a matter of law, plaintiff was guilty of contributory negligence in not looking as he approached and was crossing the intersection.

MOTION by defendant to set aside verdict in favor of plaintiff and for a new trial.

*Parker & Parker*, for the plaintiff.

*John F. McNulty*, for the defendants.

HICKEY, J. Plaintiff was driving an automobile northerly on Eleventh street in the city of Niagara Falls. Defendants were driving a car easterly on Cleveland avenue, an intersecting street. Plaintiff testified that he slowed up as he approached this intersection. He does not claim, however, to have looked for vehicles that might be approaching on the intersecting street and testified that he saw nothing of defendants' car until the collision occurred. It was broad daylight when the accident occurred. The case was submitted to the jury for their consideration and a verdict found in plaintiff's favor. Defendants now move for a new trial on the ground that plaintiff was chargeable with contributory negligence as a matter of law, in not looking as he approached and was crossing the intersecting street. The motion must be granted.

I believe it is well settled that to cross a railroad or trolley track without looking amounts to contributory negligence as a matter of law. No New York case, however, has been called to my attention which applies this rule to automobiles when crossing an intersecting street. I see no reason, however, why the rule should not apply. Each side has called my attention to the case of *Farrell v. Fire Insurance Salvage Corps* (189 App. Div. 795), and each side claims it as an authority in his favor. It does not decide the point involved here. There the plaintiff testified that he *did* look for approaching vehicles as he approached the intersection. That testimony was sufficient to carry the case to the jury. Here the plaintiff does not even claim to have looked as he approached the intersection. I, therefore, hold that he is chargeable with contributory negligence as a matter of law, and defendants' motion to set aside the verdict and for a new trial is granted.